Loring, J.,
delivered the opinion of the Court.
By the second section of thejoint resolution of August 31, 1842, 5 U. S. L., 585, the Secretary of the Navy was authorized “ to make such experimental trial of the several inventions of Thomas M. Easton, Ethan Campbell, Aaron Quincy, or either of them, or other persons, to prevent the explosion of steam-boilers as may be necessary to test their value and utility as applicable, for the purposes aforesaid, to the steamships of the United States,” and six thousand dollars were appropriated therefor.
Subsequently, by the act of Congress of March 3, 1843, section 5, 5 U. S. L., 627, it was enacted : “ That in execution of the authority vested in him by the second section of the joint resolution” above cited, “ the Secretary of the Navy shall appoint a board of examiners, consisting of three persons of thorough knowledge as to the structure and use of the steam-engine, whose duty it shall be to make experi *142 mental trial of such inventions and plans, designed to prevent the explosion of steam-boilers and collapsing of flues, as they may deem worthy of examination, and report the result of their experiments, with an expression of their opinion as to the relative merits and efficacy of such inventions and plans ; which report the Secretary shall cause to be laid before Congress at its next session. It shall also be the duty of said examiners to examine and test the relative strength of copper and iron boilers of equal thickness, and what amount of steam to the square inch each, when sound, is capable of working with safety ; and whether hydrostatic pressure, or what other plan, is best for testing the strength of boilers under the inspection laws; and what limitations as to the .force or pressure of steam to the square inch, in proportion to the ascertained capacity of a boiler to resist it, would be proper to be established by law for the more certain prevention of explosions.”
Under the authority thus vested in him, Mr. Upshur, then Secretary of the Navy, appointed Mr. Charles Reeder, Dr. Thomas P. Jones, and Professor Walter R. Johnson, to constitute the board of examiners. They accepted the appointment and performed its duties, and, on the 17th of June 1S44, they made their report to the Secretary of the Navy, and he submitted it to Congress.
By the evidence and admission of the parties, it appears that the examiners were paid during their employment at the rate of three hundred dollars per month, from April 14, 1843, to August 14,1843; that they were then told that the appropriation was exhausted; that no further payments wore made to them; and that from that time the performance of their duties was continued at their own expense; that after the completion of their labors their accounts were duly stated and presented to the Navy Department, and by that department transmitted to the Committee of Ways and Means; that at different times bills passed each house of Congress for the payment of the accounts of the board of examiners, but none of them were acted on by both houses. And this suit is brought by the petitioners for the balance of compensation and account alleged to be due to the estate of their testator, amounting to #3,054 59.
As to the claim for compensation, the petitioners allege an express contract between their testator aiid the United States for a compensation of three hundred dollars per month, and, in support of it, they adduced 1lie two following letters from Mr. Upshur:
*143 “ Navy Department, March 20, 1843.
“ Sir : I invite your attention to the 5th section of the act of Congress, No. 43, approved March 3,1843, ‘ to modify the act entitled An act to provide for the better security of the lives of passengers on board of vessels propelled in whole or in part by steam, approved July 7, 1838.’
“ I am desirous of appointing you as one of the three commissioners authorized, and propose a compensation of $300 a month to each. If agreeable to you to accept the duty, I will thank yon to signify the same to me, and to suggest a plan by which the law may be executed.
“ The balance in the treasury, applicable to this subject, is about $4,000.
“Very respectfully, your obedient servant,
“A. P. UPSHUR.
“ Mr. Chas. Reeder, Baltimore."
“ Navy Department, April 10, 1843.
“ Sir : You are hereby appointed a member of the board of examiners to make experimental trials of inventions and plans to prevent the explosion of steam-boilers. Your compensation will be at the rate of $300 per month, to commence from the date of your acceptance of this appointment.
You are requested to meet the other two examiners, Professor W. Johnson and Dr. T. P. Jones, at the navy yard, Washington, on Friday, the 14th instant, at noon.
“ I am, respectfully, your obedient servant,
“ A. P. UPSHUR.
“ Mr. Chas. Reeder, Baltimore.”
The defendants objected that the Secretary had no authority to contract with Mr. Reeder beyond the amount of the appropriation remaining at the time of his appointment, and specified in Mr. Upshur’s letter; and that as the petitioner had received his proportion of that amount, he could maintain no further claim.
We think this is not so. Under the second section of the joint resolution of 1842, all that was to he done was to test by trial the inventions or machines specified. Under the act of 1843 the same was to be done; and besides that, the examiners were to test the relative capacities of two different metals, iron and copper, and the means of making a test of steam-boilers for practical use, under legislative *144 requirements, and to ascertain the limitations of pressure which should be established by law for the public security. All this required a full and accurate knowledge of principóles and of the mechanical means of bringing them into operation, and repeated and careful experiments that would assure certain or reliable results, so that the services to be performed under the joint resolution of 1842, and under the act of 1843, were very different in extent, kind, and difficulty; and the appropriation of six thousand dollars in the joint resolution of 1842 was made applicable to the services it specified, and must be taken as appropriate and required for those, and we think it cannot be inferred that it was intended to cover the different and more extended services of the subsequent act. Besides, it is observable that the second section of the joint resolution of 1842 makes no provision that the cost of the services it specifies shall not exceed the appropriation it makes. We think, therefore, it in no way limited the Secretary’s authority to contract with the examiners or their right to compensation.
The defendants also contended that the report of the examiners showed that Mr. Reeder was employed at the navy yard in experimenting there only some twenty days, and therefore was entitled only for so many days’ service, at the rate of three hundred dollars per month. But there is nothing to show or suggest that the experiments at the navy yard formed the whole or any considerable portion of the examiners’ labors, and the objection disregards the nature and terms of the contract. The first letter of Mr. Upshur, which asked for and induced the acceptance of its proffer, stated a compensation of “ three hundred dollars a month to each,” and this admits of no other measure of compensation than by the month. The second letter is consistent with this, for it says, “ your compensation will be at the rate of $300 per month, to commence from the date of your acceptance of this appointment,” and this excludes any measure by day’s service.
We think, therefore, the case shows a contract authorized by law and duly made by the Secretary of the Navy, on the part of the United States, with Mr. Reeder, for three hundred dollars per month for the term of his services — that is, from April 14, 1843, the time of his acceptance of his appointment, till June 17, 1844, when the report of the examiners was completed and returned to the Secretary of the Navy— and that, after deducting the compensation paid, viz., from April 14 to August 14, 1843, there is due, as the balance of said compensation unpaid, and from August 14, 1843, to June 17, 1844 — ten months and three days — the sum of $3,029 34.
Mr. J. D. McPherson and Mr. Wm. B. Webb for the claimant.
Mr. J. J. Weed, Assistant Solicitor, and Mr. J. B. Kerr, Deputy Solicitor, for the government.
The residue of the claim is $35 25 for expenditures by Mr. Reeder in the performance of his duties. This item is rested on the fact that it was submitted to the Navy Department and was approved there, because transmitted by it to the Committee of Ways and Means as an item for its estimates. We think this furnishes a presumption in support of it, and that, as its correctness was not impugnéd or questioned, it should be allowed.
Judgment is to be rendered for the petitioner for $3,054 59.